UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No. 80-1721-CIV-WMH

EDWARD KITE MCINTYRE, *et. al.*,

    Plaintiffs,

v.

ROBERT PERYAM, *et al.*,

    Defendants.

_____/

### ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AND TERMINATING CONSENT DECREE

    **THIS CAUSE**, having come before the Court on Defendant's Unopposed Motion to Dismiss with Prejudice and Terminate Consent Decree, and the Court having considered the motion, the record, the applicable law, and being otherwise fully advised in the premises, finds as follows:

1. The Final order in this case is a Consent Decree as that term is defined in the Prison Litigation Reform Act of 1995 ("PLRA"), 18 U.S.C. § 3626(g)(1) (1996).

2. More than twenty years ago, the parties filed, and this Court approved, a 64-page Stipulation and Agreement of Settlement in this case. This Court has maintained jurisdiction in this matter to ensure implementation of, and compliance with, the Consent Decree.

3. The Consent Decree in this case is subject to the PLRA.

4. The PLRA provides for immediate termination of a judgment that was "granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," unless the District Court makes written findings demonstrating that the relief granted "remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation. *Id.* at §§ 3626(b)(2) and (3).

1

5. As this judgment predated the PLRA, this Court did not make findings that the relief granted, was narrowly drawn, extended no further than necessary to correct the violation of the Federal right, and was the least intrusive means necessary to correct the violation of a Federal right.

6. The parties have agreed that there is no necessity to correct a current and ongoing violation of a Federal right in the correctional facilities in Monroe County, Florida. Therefore, the judgment in this case is subject to immediate termination pursuant to the PLRA.

7. Attorneys fees and expenses in the amount of $161,613.18, shall be paid by Defendants to the Florida Justice Institute, Inc. within (45) days of this final order. The Court shall retain jurisdiction only to enforce this payment.

**WHEREFORE,** it is ORDERED AND ADJUDGED that Defendant's Unopposed Motion to Dismiss with Prejudice and Terminate Consent Decree is hereby GRANTED.

**DONE AND ORDERED** in Chambers in Miami this 2nd day of November, 2012.

William M. Hoeveler
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished:
Randall C. Berg Jr., Esq.
Florida Justice Institute, Inc.
100 SE 2nd Street
3750 Miami Tower
Miami, FL 33131-2113
Attorneys for the Plaintiffs

Robert B. Shillinger
Chief Assistant County Attorney
1111 12th St. Suite 408
Key West, Florida 33040
Attorney for Monroe County and Sheriff Robert P. Peryam

Patrick J. McCullah, Jr.
5525 College Road
Key West, FL 33040
Attorney for Sheriff Robert P. Peryam

Kevin R. Shirley, pro se
Robert Michael Shepard, pro se
Elio Dieguez Frias, pro se
John Richard Perry Jr, pro se

2